24279/MWV/MR

IN THE SMALL CLAIMS COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR COLLIER COUNTY, FLORIDA
CIVIL ACTION

KATIE MURPHY,            CASE NO.: _____

    Plaintiff,
vs.

NCO FINANCIAL SYSTEMS, INC.,

    Defendant.
_____/

## **COMPLAINT FOR UNLAWFUL AND ABUSIVE DEBT COLLECTIONPRACTICES**

COMES NOW, the Plaintiff, KATIE MURPHY, hereinafter "Plaintiff" or "consumer," sues the Defendant, NCO FINANCIAL SERVICES, INC., (hereinafter "Defendant"), for violation of Florida's Consumer Collection Practices Act, §559.55 Fla. Stat. *et seq.*, the "FCCPA," 47 U.S.C. § 227, the "TCPA" and 47 C.F.R. § 64.1200 for damages that are not less than $2,501.00 and do not exceed $5,000.00, exclusive of attorney's fees and costs, and alleges as follows:

### **Introduction**

1. The FCCPA protects Florida citizens from abusive, threatening, harassing and false or fraudulent calls by or on behalf of creditors. The FCCPA provides for actual and statutory damages, plus attorney's fees and costs of the action. The Defendant's misconduct, as alleged and to be proven herein, violates the FCCPA in multiple respects. The frequency of the calls, exceeding several calls per day, the timing of the calls and the calls' content, evidence a willful intent to harass, intimidate, break down and degrade the consumer in clear violation of the letter and intent of the FCCPA. The Defendant seeks or threatens to collect debts which are not owed and/or assert rights to which the Defendant does not have, and reports, or threatens to report alleged debts without also reporting that they are disputed.

2. The TCPA restricts the use of an automatic telephone dialing system, and/or the use of an artificial or prerecorded voice to deliver a message without prior express consent to any residential telephone or any telephone number assigned to a cellular phone service.

### Jurisdiction and Venue

3. The Plaintiff resides in Collier County and the unlawful and unlawful communications occurred in this county and caused injury to Plaintiff in this county.

4. The Defendant is subject to *in personam* jurisdiction here because the Defendant's unlawful, statutory violations were specifically directed at Plaintiff in this county and caused harm to Plaintiff in this county.

5. The damages, exclusive of attorneys' fees, prejudgment interest, and costs, are within the jurisdictional limits of this Court.

6. Plaintiff is a consumer.

7. The Plaintiff became delinquent in making payments under the contract for specific reasons.

8. The Defendant, in response to the Plaintiff's situation, undertook collection activities against the Plaintiff.

9. In its effort to collect the Plaintiff's debt, the Defendant misrepresented the amount due and owing under the contract.

10. The Defendant, in an effort to collect the alleged debt owed by the Plaintiff, undertook an aggressive and outrageous course of conduct that exceeded any reasonable bounds of decency or lawful business practice, included the use of repeated telephone calls, obscene language, threats, calls and hang-ups, false and egregious incomplete reports to credit

bureaus and reporting agencies, and similar conduct designed to threaten and intimidate the Plaintiff.

11. The Defendant used an automatic telephone dialing system, and/or used an artificial or prerecorded voice to deliver a message to the Plaintiff, without prior express consent to Plaintiff's residential telephone or cellular phone.

12. The Defendant's unlawful course of conduct constituted violations of the FCCPA and the TCPA.

## COUNT I
## Violation of FCCPA

13. This is a cause of action against Defendant for its violation of the FCCPA.

14. Plaintiff restates (1) through (12) above, as if fully set forth herein.

15. At all times material hereto, Plaintiff was a "debtor" or "consumer" within the meaning of §559.55(2) Fla. Stat.

16. At all times material hereto, the communications and other misconduct alleged herein arose out of a "debt" or "consumer debt" within the meaning of §559.55(1) Fla. Stat.

17. At all times material hereto, the Defendant was a "person" within the meaning of §559.55(7) Fla. Stat.

18. The Defendant willfully violated provisions of the FCCPA by their conduct, which included, but was not limited to the following actions:

(a) The Defendant's attempt to collect the debt was as assertion of the existence of a legal right when the Defendant knew that right did not exist in violation of Fla. Stat. § 559.72(9).

(b) The Defendant's conduct was prohibited by § 559.72(7), because it was reasonably intended to willfully harass or abuse the Plaintiff.

19. As a legal and proximate cause of the aforesaid misconduct and violations, Plaintiff has

suffered actual damages and is entitled to statutory damages.

20. Plaintiff was forced to retain undersigned counsel and has or will incur attorney's fees, legal assistant fees and costs. Counsel has been retained on a contingency basis, and Plaintiff seeks a contingency risk multiplier.

21. Plaintiff is entitled to an award of attorneys' fees, legal assistant fees and costs of this action, pursuant to the provisions of the FCCPA.

WHEREFORE, Plaintiff, KATIE MURPHY, demands actual and statutory damages, attorney's fees, legal assistant fees, costs and prejudgment interest on all damages where such interest is allowable by law and such other and further relief as may be mete and proper.

## COUNT II
### Injunctive Relief

22. This is a cause of action for injunctive relief against Defendant to enjoin its further violations of the FCCPA.

23. Plaintiff restates (1) through (18) as if fully set forth herein.

24. The Defendant's continued violation of the FCCPA against the Plaintiff and other Florida citizens is repugnant to the public welfare and offends the long-standing public policy of this State to protect innocent consumers from predatory, abusive and fraudulent collection practices.

25. Plaintiff has no adequate remedy at law.

26. The Defendant has or will continue the aforesaid unlawful conduct now and into the future unless equitably enjoined from continuing to violate the FCCPA.

27. The FCCPA empowers and confers upon this Court the necessary and statutory jurisdiction and authority to "enjoin" "further violations of this Part."

28. Plaintiff hereby invokes the Court's statutory and/or equitable jurisdiction under the FCCPA to enjoin further violations of this part, more specifically:

a. The immediate and permanent cessation of any and all unlawful attempted communication or contact.

29. Plaintiff was forced to retain undersigned counsel and has or will incur substantial attorney's fees, legal assistant fees and costs.

30. Plaintiff, as a prevailing party, is entitled to an award of attorney's fees, legal assistant fees and costs of this action, pursuant to the provisions of the FCCPA, and contingent risk multiplier.

WHEREFORE, Plaintiff, KATIE MURPHY, prays for injunctive relief, attorney's fees, legal assistant fees, costs, prejudgment interest on all damages where such interest is allowable by law and such other and further relief as may be mete and proper.

### COUNT III
### Declaratory Relief

31. This is a cause of action for declaratory relief against Defendant to declare certain of its offending practices to be unlawful and in violation of the FCCPA.

32. Plaintiff restates (1) through (18) as if fully set forth herein.

33. The Defendant's continued violation of the FCCPA against Plaintiff and other Florida citizens is repugnant to the public welfare and offends the long-standing public policy of this State to protect innocent consumers from predatory, abusive and fraudulent collection practices.

34. Plaintiff has no adequate remedy at law.

35. The Defendant denies that it is in violation of the aforesaid statutes.

36. Plaintiff is uncertain as to Plaintiff's rights under the FCCPA. Plaintiff seeks the

Court to exercise its statutory and/or equitable jurisdiction to declare the rights of the parties under the statute.

37. The Defendant has or will continue the aforesaid unlawful conduct now and into the future unless declaratory relief issues declaring the conduct unlawful.

38. The FCCPA and Chapter 86, The Declaratory Judgment Act empowers and confers upon this Court the necessary and statutory jurisdiction and authority to "declare" the rights of the parties under the FCCPA.

39. Plaintiff hereby invokes the Court's equitable jurisdiction under the FCCPA to declare the following as violations of the FCCPA, willfully repeated "robo-calls" or other multiple calls to consumers in a single day;

40. Plaintiff was forced to retain undersigned counsel and has or will incur substantial attorney's fees, legal assistant fees and costs.

41. Plaintiff, as a prevailing party, is entitled to an award of attorney's fees, legal assistant fees and costs of this action, pursuant to the provisions of the FCCPA.

WHEREFORE, Plaintiff, KATIE MURPHY, prays for declaratory relief, attorney's fees, legal assistant fees, costs, prejudgment interest on all damages where such interest is allowable by law and such other and further relief as may be mete and proper.

## COUNT IV
### Violation of the TCPA

42. This is a cause of action against Defendant for its violation of the TCPA.

43. Plaintiff restates (1) through (18) above, as if fully set forth herein.

44. At all times material hereto, the Defendant was a "person" within the meaning of 47 U.S.C. §227.

45. The Defendant willfully violated the provisions of the TCPA by placing calls using an automatic telephone dialing system to dial the Plaintiff's cellular or residential home telephone, or by using an artificial or prerecorded voice to deliver a message to the Plaintiff in violation of 47 U.S.C. §227.

46. As a legal and proximate cause of the aforesaid misconduct and violations, Plaintiff has suffered actual damages and is entitled to statutory damages.

47. Plaintiff was forced to retain undersigned counsel and has or will incur attorney's fees, legal assistant fees and costs. Counsel has been retained on a contingency basis, and Plaintiff seeks a contingency risk multiplier.

48. Plaintiff is entitled to an award of attorneys' fees, legal assistant fees and costs of this action, pursuant to the provisions of the TCPA.

WHEREFORE, Plaintiff, KATIE MURPHY, demands actual and statutory damages, attorney's fees, legal assistant fees, costs and prejudgment interest on all damages where such interest is allowable by law and such other and further relief as may be mete and proper.

Dated this 31st day of October, 2013.

VILES & BECKMAN, LLC
Attorneys for Plaintiff
6350 Presidential Court
Suite A
Fort Myers, Florida 33919
Telephone: 239-334-3933
Facsimile: 239-334-7105

By: _____
Marcus W. Viles, Esquire
Florida Bar Number: 0516971